LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.
Barbara V. Lam, Esq. (State Bar No. 231073)
blam@sacfirm.com
303 N. Glenoaks Blvd., Suite 700
Burbank, California 91502
Telephone: (818) 559-4477
Facsimile: (818) 559-5484
Attorneys for Plaintiff
SAN JOAQUIN GENERAL HOSPITAL

BRYAN S. WESTERFELD (S.B.# 218253)
bwesterfeld@walravenlaw.com
JESSICA B. HARDY (S.B. #246377)
jbh@walravenlaw.com
WALRAVEN & WESTERFELD LLP
20 Enterprise, Suite 310
Aliso Viejo, California 92656
Telephone:  (949) 215-1990
Fax:  (949) 215-1999
Attorneys for Defendants
UNITEDHEALTHCARE INSURANCE COMPANY and UHC OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN GENERAL HOSPITAL, a department of the County of San Joaquin, a political subdivision of the State of California,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut for-profit corporation; UHC OF CALIFORNIA, a California corporation; and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | No.  2:22-cv-0862 TLN DB<br><br>**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS AND ORDER THEREON** |

FC 30366

WHEREAS, disclosure and discovery activity in this action are likely to involve production of documents containing protected patient health information, trade secrets, and/or confidential commercial, personal, or financial information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order pursuant to Local Rule 141.1. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order permits them to redact from the court filings only those personal data identifiers itemized under Local Rule 140.  No other redactions are permitted without leave of the court.  The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal. Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal;

WHEREAS, Plaintiff SAN JOAQUIN GENERAL HOSPITAL ("Plaintiff") and Defendants UNITEDHEALTHCARE INSURANCE COMPANY, and UHC OF CALIFORNIA ("Defendants") (collectively the "Parties") acknowledge and agree that it is appropriate to provide safeguards to prevent the public dissemination of such confidential information, and to establish procedures to limit such disclosure;

WHEREAS, the Parties have agreed to the entry of this Stipulated Protective Order, as evidenced by the signatures of their respective counsel;

IT HEREBY IS STIPULATED and agreed, as follows:

1. This Stipulated Protective Order shall govern any record of information produced in this action and designated pursuant to this Stipulated Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials,

whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal methods of discovery.  This Stipulated Protective Order shall apply to the Parties and to any nonparty from whom discovery may be sought who desires the protection of this Stipulated Protective Order.  Notwithstanding the above, this Stipulated Protective Order does not grant a right to the various forms of discovery mentioned herein if they are not permitted by the CMC and order thereon.

2. As used herein, "**Confidential Information**" shall mean any document or information in any form, or any portion thereof, supplied by one Party or a third party ("Producing Party") to another Party or third party ("Receiving Party") in this action that is designated "Confidential" or "Confidential—Attorneys' Eyes Only" and contains confidential business, financial, personal, health, proprietary, trade secret or commercial data of a sensitive nature.

3. The term "**Confidential Health Information**" shall constitute a subset of Confidential Information and shall be designated as "Confidential" and subject to all terms and conditions governing the treatment of Confidential Information.  Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services or supplies relating to the physical or mental health condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber.  Confidential Health Information shall include, but is not limited to, claim data, claim forms, grievances, appeal, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

(a) names;

(b) all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

  (c) all elements of dates (except year) for dates directly related to an individual, including birthdate, admission date, discharge date, age, and date of death;

  (d) telephone numbers;

  (e) fax number;

  (f) electronic mail addresses;

  (g) social security numbers;

  (h) medical record numbers;

  (i) health plan beneficiary numbers;

  (j) account numbers;

  (k) certificate/ license numbers;

  (l) vehicle identifiers and serial numbers, including license plate numbers;

  (m) device identifiers and serial numbers;

  (n) web universal resource locators ("URLs");

  (o) internet protocol ("IP") address numbers;

  (p) biometric identifiers, including finger and voice prints;

  (q) full face photographic images and any comparable images; and/or

  (r) any other unique identifying number, characteristic, or code.

4. All documents, information or materials, including notes and abstracts, produced in this matter shall be treated as "Confidential Information" as defined in paragraph 2 above, provided, however, that by agreeing to this Stipulated Protective Order, no Party waives the right to challenge any other Party's designation of any document or other material as Confidential Information. A Party shall designate information disclosed at a hearing as Confidential Information by requesting the Court at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and the Court's personnel, and to designate the transcript appropriately.

5. All information designated "**Confidential**" shall be maintained in confidence, and not disclosed, directly or indirectly, including the very fact of production of Confidential Information, to any person except as provided in this paragraph:

(a) any authors or recipients of the Confidential Information in a communication occurring prior to production;

(b) outside counsel for the Parties in this litigation (including co-counsel, and members and employees of such counsel's law firm);

(c) in-house counsel for the Party;

(d) consultants or experts retained by a Party or its counsel to furnish expert or litigation support services for the prosecution or defense of this action, who have acknowledged and confirmed, in the form attached hereto as Exhibit "A," that he or she has read this Stipulated Protective Order and agrees to comply with its terms;

(e) directors, officers and employees of the Party to whom it is necessary that the materials be shown for purposes of this legal action;

(f) any designated mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, provided that such individuals agree in writing, in the form attached hereto as Exhibit "A," that he or she has read this Stipulated Protective Order and agrees to comply with its terms;

(g) stenographers and videographers engaged to transcribe or record depositions conducted in this action provided that such individuals agree in writing, in the form attached hereto as Exhibit "A," that he or she has read this Stipulated Protective Order and agrees to comply with its terms;

(h) the Judge and the Judge's court personnel, pursuant to the restrictions set forth in Paragraphs 9-12 of this Stipulated Protective Order and/or direction of the Court, officers of the Court and Court personnel;

(i) such other persons as hereafter may be designated by written agreement of

FC 30366

4

*STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS*

the Parties or by order of the Court; and

(j) witnesses (other than persons described in paragraph 5(a)), who testify by deposition or at trial, who have acknowledged and confirmed, in the form attached hereto as Exhibit "A," that he or she has read this Stipulated Protective Order and agrees to comply with its terms.

Said access shall be for the sole limited purposes of this litigation, preparation for trial, or trial of this action and shall not be used for any business or other commercial purpose. All information that has been designated Confidential shall be carefully maintained as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

6. Additionally, a Party may designate information as "**Confidential —Attorneys' Eyes Only**" (hereinafter "Attorneys' Eyes Only Material") only if it believes in good faith and is able to demonstrate that such information constitutes, contains, reveals, or reflects highly confidential information, whether personal or proprietary, and that the disclosure of the same would be especially detrimental or harmful to the Producing Party or its business. Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the "qualified persons" listed in subparagraphs 5(a), (b), (c), (d) (f), (g), (h), and (i) above, unless otherwise agreed or ordered. "Confidential—Attorneys' Eyes Only" information may be shown to persons listed in Paragraphs 5(e) if the witness is an employee of the Party who produced the information designated as "Confidential—Attorneys' Eyes Only," if the witness is identified on the face of the document as a previous recipient, or if the Party who produced the information designated as "Confidential—Attorneys' Eyes Only" consents before such designated information is disclosed to the witness. If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this Stipulated Protective Order with respect to confidentiality shall also apply.

7. Any Confidential Information supplied in written or documentary form shall be labeled by the Producing Party as "Confidential" or "Confidential —Attorneys' Eyes Only." With respect to the examination of witnesses upon oral deposition, when Confidential Information is supplied and/or when the deponent's testimony contains, reflects or relates in any way to

Confidential Information, the reporter will be informed of this Stipulated Protective Order by the Party seeking confidentiality and will be required to operate in a manner consistent therewith. The reporter shall place on the cover of any deposition transcript which contains any Confidential Information the words "Contains Confidential Information Pursuant to Protective Order." Counsel for the respective Parties shall take appropriate steps to prevent any portions of any deposition transcript designated "Confidential" or "Confidential —Attorneys' Eyes Only" from being disclosed to any person except as provided in this Stipulated Protective Order. Each Producing Party shall provide the other Party with a list of the page(s) of each deposition transcript and any exhibits attached thereto that the Party has designated as "Confidential" or "Confidential —Attorneys' Eyes Only" within thirty (30) days of receipt by counsel of the transcript unless otherwise agreed. Until the earlier of thirty (30) days or the Producing Party's having provided such a listing of pages, the other Party shall maintain the entire deposition transcript and exhibits as "Confidential" or "Confidential —Attorneys' Eyes Only." Any documents designated "Confidential" or "Confidential —Attorneys' Eyes Only" which are made part of the transcript of such documents on which examination is taken during depositions shall maintain their character as Confidential Information under the terms of this agreement without the necessity of further designation as such.

8.   Any nonparty who produces documents or other information in response to discovery requests or subpoenas in this litigation shall be entitled to the benefits and protections of this Stipulated Protective Order and shall be entitled to seek additional protections. The Parties agree that they will treat Confidential Information produced by nonparties according to the terms of this Stipulated Protective Order. A Party may challenge the confidentiality of Confidential Information produced by a non-party by filing a motion to de-designate.

9.   In the event a Party inadvertently fails to designate information or documents as "Confidential" or "Confidential—Attorneys' Eyes Only" when copies are produced to another Party, the Producing Party shall diligently notify in writing all recipients who have the information or documents which should be designated as "Confidential" or "Confidential—Attorneys' Eyes Only". The Producing Party shall specifically identify, by reference to document title, page number,

and/or any alpha or numeric production designation, the material being designated as "Confidential" or "Confidential—Attorneys' Eyes Only". The Producing Party shall have the right to recover all copies of the "Confidential" or "Confidential—Attorneys' Eyes Only" information and documents to apply the "Confidential" or "Confidential—Attorneys' Eyes Only" designation, and the Receiving Party shall return to the Producing Party all copies of the unlabeled material that was inadvertently or unintentionally disclosed. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. Additionally, it shall be understood that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

  10. Any persons receiving information designated "Confidential" or "Confidential—Attorneys' Eyes Only" shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

  11. If any Party objects to the designation of materials as Confidential Information, then that Party shall state the objection by letter to all counsel of record in this case. If the Parties are unable to resolve the objection, any Party may move the above-captioned Court for an order that the challenged material does not qualify as Confidential Information under the terms of this agreement. In any such proceeding, the Producing Party shall bear the burden of proof for demonstrating that the material qualifies as Confidential Information as defined in this Agreement. Until the Court rules on the objection, the disputed material shall continue to be treated as Confidential Information according to its designation as "Confidential" or "Confidential—Attorney's Eyes Only". Neither Party shall be obliged to challenge the propriety of any designation of material, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation, unless prejudice can be shown by the Producing Party to have resulted from the delay in challenging the designation.

  12. In the event any Confidential Information is used in any pretrial or discovery proceeding in this action, it shall not lose its confidential status through such use. All Confidential Information and pretrial deposition testimony given in this action which contains or discusses

Confidential Information shall be presented only to persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information.

13. All documents containing Confidential Information, which any Party intends to file with the Court, shall be considered as filed or lodged with the Court under seal in compliance with Federal Rules of Civil Procedure, the Local Rules of the Eastern District of California and/or any other requirements of the Judge. All such Confidential Information shall be made available only to the Court and its staff and to the persons authorized by the terms of this Stipulated Protective Order to have access to Confidential Information.

14. In the event that the Receiving Party is served with legal process, other than an order of a court or tribunal, seeking the production of Confidential Information obtained through discovery in this litigation and protected thereunder, the Receiving Party shall promptly notify the Producing Party whose Confidential Information is sought by service of the legal process and afford the Producing Party a reasonable opportunity to object to the production of the Confidential Information. The Receiving Party shall not produce any Confidential Information in response to the legal process, except as ordered by a court or a tribunal, until the Producing Party has had an opportunity to object to such process and either declined to object or has had an objection overruled and appeals therefrom exhausted. Producing Party must lodge such objections with sufficient time to allow Receiving Party to comply with its legal duties to properly respond to such request. If any Receiving Party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks Confidential Information, including Confidential Health Information of a Producing Party, the Receiving Party shall give prompt written notice to counsel for the Producing Party and allow the Producing Party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or court order. No compulsory disclosure to third parties of information or material exchanged under this Stipulated Protective Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial officer of competent jurisdiction.

15. The Parties further agree to redact any protected health information, personal information, and any other identifying information for medical patients whose claims are not at issue in the above-entitled matter but who are included in documents produced in this matter (for example, on Explanation of Benefits forms).

16. By entering into this Stipulated Protective Order, neither Party waives any objections it may have to the production of any documents covered by this Stipulated Protective Order.

17. The provisions of this Stipulated Protective Order apply to all proceedings in this matter, including all appeals and proceedings upon remand. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action.

18. Within ninety (90) days following the termination of this action through settlement or adjudication, including all appeals, upon written request all Confidential Information shall be returned to the Producing Party or destroyed, and all copies, summaries or transcripts thereof, and any and all other documents which contain, reflect, refer, or relate to such Confidential Information, which are not delivered to the Producing Party shall be destroyed. Upon written request, counsel of record for each Party shall attest to compliance with the terms of this paragraph in an affidavit or declaration served on each other Party within the 90-day period. This paragraph shall not preclude counsel from maintaining a file copy of any pleading or hearing transcript that contains or attaches Confidential Information

19. Nothing in the foregoing provisions regarding confidentiality shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information, provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the foregoing provisions.

20. Nothing in this Stipulated Protective Order shall prevent a Party from independently obtaining publicly available information, including the final version of documents actually filed with any Federal, State, County or local legislature, regulatory authority, agency or court, nor shall this Stipulated Protective Order constitute a restriction on information independently obtained, even

if a copy of a document independently obtained is otherwise provided in the Action and designated as Confidential Information.  Use of any independently obtained documents shall be subject to any confidentiality or other restrictions regarding the use or distribution of such documents imposed by the relevant authority or by law.

21. If a Party, through inadvertence, produces any document or information that it believes is protected from discovery pursuant to the attorney-client privilege or work product doctrine, such production shall not be deemed a waiver of any privilege or protection, and the Producing Party shall give prompt written notice to the Receiving Party that the document or information produced is deemed privileged or protected and that return of the document or information is requested.  Upon receipt of such written notice, the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Party.

22. This Stipulated Protective Order may be modified by written agreement of counsel for the Parties, provided that any such agreement be memorialized in the form of a stipulation that shall be filed and approved by the Court.

23. The Stipulated Protective Order may be executed in counterparts, each when taken together with the others, shall constitute a whole, as if executed simultaneously on the same document.

24. After this Stipulated Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry.  Counsel agrees to be bound by the terms set forth herein with regard to any Documents that have been produced before the Court enters the Stipulated Protective Order.  This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

25. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Stipulated Protective Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

26. Nothing contained herein shall prevent any Party from using or disclosing its own Confidential Information without having to comply with the terms of this Stipulated Protective Order.

27. Nothing contained herein shall prevent a Party from (a) objecting to the production of Confidential Information based on the grounds that the information or documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and/or (b) producing redacted copies of documents to prevent disclosure of irrelevant Confidential Information.

28. The Court shall retain jurisdiction to make such amendments, modifications, deletions and additions to this Stipulated Protective Order as the Court may from time-to-time deem necessary or appropriate. After the termination of this action, the Court shall retain jurisdiction to enforce this Stipulated Protective Order.

///

///

///

///

///

29.     Notwithstanding the foregoing, nothing contained herein prevents either Party from using or disclosing any reasoned or written ruling or decision issued by the Judge for its collateral estoppel or res judicata effect in another legal action between the Parties.

Dated: 2-9-2023            LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.

By: */s/ Barbara V. Lam*
    Barbara V. Lam
    Attorney for Plaintiff
    SAN JOAQUIN GENERAL HOSPITAL

Dated: 2-9-2023            WALRAVEN & WESTERFELD LLP

By: */s/ Jessica B. Hardy*
    Jessica B. Hardy
    Attorneys for Defendants
    UNITEDHEALTHCARE INSURANCE COMPANY
    and UHC OF CALIFORNIA

**ORDER**

IT IS HEREBY ORDERED that the parties' stipulation is granted.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

////

FC 30366

1

*EXHIBIT A*

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: February 17, 2023            /s/ DEBORAH BARNES
                                    UNITED STATES MAGISTRATE JUDGE

FC 30366                                        2
                                            *EXHIBIT A*

**EXHIBIT A**

**CERTIFICATION RE: CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____[POSITION AND EMPLOYER], am about to receive confidential information supplied in connection with the action entitled *SAN JOAQUIN GENERAL HOSPITAL, a department of the County of San Joaquin, a political subdivision of the State of California vs. UNITEDHEALTHCARE INSURANCE COMPANY, a Connecticut for-profit corporation UHC OF CALIFORNIA, a California corporation; and DOES 1 THROUGH 25, INCLUSIVE*, (the "Action"), pending at U.S.D.C. Eastern District of California, Case No. 2:22-cv-00862-TLN-DB. I certify that I understand that this confidential information is provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in this Action. I have been given a copy of the Stipulated Protective Order; I have read it; and I agree to be bound by its terms. I understand that "Confidential" materials and "Confidential – Attorneys' Eyes Only" materials, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Stipulated Protective Order. I understand that the obligations of this undertaking and the provisions of the Stipulated Protective Order continue past the termination of the action. I hereby consent to the jurisdiction of the Court and the Judge for the purpose of enforcing the terms of this Stipulated Protective Order and this Certification.

DATED: _____                      _____
                                                                    Signature

FC 30366                                   3
*EXHIBIT A*